UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
CIVIL MINUTES

| | | | |
|---|---|---|---|
| Case Title : | Perry L. McCall and Natasha McCall | Case No : | 09−92170 − A − 13G |
| | | Date : | 12/28/09 |
| | | Time : | 02:00 |
| Matter : | [68] − Motion/Application to Confirm/Modify Chapter 13 Plan [FW−4] Filed by Joint Debtor Natasha McCall, Debtor Perry L. McCall (cwam) | | UNOPPOSED |
| Judge : | Michael S. McManus | | |
| Courtroom Deputy : | Janet Larson/Carlene Walker | | |
| Reporter : | NOT RECORDED | | |
| Department : | | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Granted
See final ruling below.

ORDER TO BE PREPARED BY :        Movant(s)

Final Ruling: This motion to confirm a modified plan proposed prior to confirmation of a plan has been set for hearing on the notice required by Local Bankruptcy Rule 9014−1(f)(1), General Order 05−03, paragraph 8(a), and Fed. R. Bankr. R. 2002(b). The trustee initially objected to the amended plan but he withdrew his objection on October 29. The failure of the U.S. Trustee, creditors, and any other party in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014−1(f)(1)(ii) is considered as consent to the sustaining of the objection. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the debtor, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the respondents' defaults are entered and the matter will be resolved without oral argument.

The motion will be granted. 11 U.S.C. § 1323 permits the debtor to amend the plan any time prior to confirmation. The amended plan complies with 11 U.S.C. §§ 1322 and 1325(a) and will be confirmed.